UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODERICK BUNNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-00772-WTL-TAB |
| KEITH BUTTS Mr., Warden, GIBSON Ms., Mailroom Supervisor, | ) ) ) ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Filing of Amended Complaint**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 3, is **granted**. He is assessed an initial partial filing fee of Nine Dollars and Fifty Cents ($9.50). He shall have **through April 18, 2018**, to pay this sum to the clerk.

**II.**

The plaintiff's motion for assistance with recruiting counsel, Dkt. No. 2 is **denied as premature.** The filing fee has not been paid, the complaint has not been screened, and the defendants have not been served. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013).

**III. Screening**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### IV. The Complaint

Here, the plaintiff alleges he was denied access to the Indiana appellate courts. More specifically, the plaintiff alleges that the Indiana Supreme Court sent him a notice of defect on December 4, 2017, notifying him of a defect in the filing of his appellate brief. He said that the mail room failed to deliver the notice of defect to him in a timely manner such that he could timely cure the defect.

An access to the courts claim only exists if a prisoner is unreasonably prevented from presenting legitimate grievances to a court. Thus, when he alleges a denial of the right to access to the court, he must plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make a timely filing, or that legitimate claims were dismissed.

Here, the plaintiff has not alleged any prejudice he suffered based on the mail room's alleged late delivery of the notice of defect from the Indiana court. He has failed to "make specific allegations as to the prejudice suffered because of the defendants' alleged conduct" and thus his right to access-to-courts claim is dismissed. *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir.

2003). As such, the plaintiff's access to the court's claim is **dismissed** as factually inadequate. Defendant Ms. Gibson, as the mail room supervisor, is also **dismissed** as a defendant.

The plaintiff also alleges a claim against defendant Keith Butts based on his status as Superintendent. The plaintiff does not allege that Butts personally participated in the alleged delay in the delivery of his mail. Any claims against Keith Butts are dismissed because there is no specific allegation of wrongdoing on his part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). To the extent Butts is included as a defendant because of his supervisory position, this position alone is not adequate to support the imposition of liability. *See West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit"). Defendant Keith Butts is **dismissed** as a defendant.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Dismissal of Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through April 18, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of*

*Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). **The plaintiff is directed to identify in the amended complaint what prejudice he suffered as a result of the alleged delay in receiving the notice of defect**.

Any amended complaint should have the proper case number, 1:18-cv-772-WTL-TAB and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date: 3/15/18

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Roderick Bunnell, #874754
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362